IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIGUEL GUTIERREZ RODRIGUEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-25-6323 |
| § | |
| PAMELA BONDI, in her official capacity as § | |
| the U.S. Attorney General, *et al.* § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Miguel Gutierrez Rodriguez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Detention Facility. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Gutierrez Rodriguez's petition, (Docket Entry No. 1), and denies the motion for summary judgment, (Docket Entry No. 5).

As this court and other courts have articulated in numerous decisions, Gutierrez Rodriguez is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO

(Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z.  The court has found no reason to depart from its prior decisions or the decisions of dozens of other courts.[1]

The respondents must provide Gutierrez Rodriguez with a bond hearing under § 1226(a) by January 30, 2026, or release him.  The parties are to update the court on the status of his bond hearing no later than February 2, 2026.

SIGNED on January 19, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] The court rejects the respondents' other challenges to the habeas petition.  As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition.  *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.  That the petitioner has not yet requested bond does not change this court's conclusions as to exhaustion and the appropriate relief.  *See Flores Perez v. Noem*, No. 2:25-cv-2920, 2025 WL 3532430, at *3 (N.D. Tex. Nov. 14, 2025), *report and recommendation adopted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).